COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-170-CR

STEVE MICHAEL ADAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In one point, Appellant Steve Michael Adams asserts that the trial court erred by finding the search of Adams’s vehicle was a justifiable search incident to the arrest of a passenger in Adams’s vehicle.  We affirm.

II.  Factual and Procedural Background

The grand jury indicted 
Adams for possession of a controlled substance, namely methamphetamine, in the amount of four grams but less than two hundred grams.  Adams filed a motion to suppress the evidence.

At the suppression hearing, Adams called Cy Crum, an investigator with the Weatherford-Parker County Special Crimes Unit.  Investigator Crum testified that he had executed a search warrant on April 14, 2006, at the residence of Jimmy Mack.  
Approximately one hour after the search had begun at Mack’s residence, Adams drove up.  
Investigator Crum ordered Adams and his passenger, Tina Severance, out of the vehicle.  
Investigator Crum testified that he had known Severance by sight and that she was wanted for several arrest warrants, so he had arrested her immediately. 

Shortly after Adams and Severance vacated the vehicle, Investigator Crum conducted a search of the vehicle.  Investigator Crum testified that he had searched the vehicle in the area of Severance’s immediate control and had found the controlled substance exhibits in a Marlboro cigarette box as well as several other exhibits consistent with identity theft offenses.  Investigator
 Crum said that all of the exhibits that were found and seized had been located in the front seat of Adams’s vehicle forward.  Specifically, during his search, Investigator
 Crum located a cigarette box containing two baggies of methamphetamine in between the driver’s seat and the center console.  Upon finding the drugs, Investigator
 Crum arrested Adams. 
 Investigator
 Crum testified that he believed his search of Adams’s vehicle was justified as a search conducted pursuant to the arrest of Severance, who had been in the vehicle immediately prior to her arrest.

Adams, testifying on his own behalf, said that he had been dropping off Severance after going to the races and had no connection with Mack’s residence when police came running out from behind trees, told them to “freeze” and to get out of the truck, which they did.  Adams did not live at Mack’s residence, nor was he or his car named in the search warrant.
  
Adams said that he was not sure exactly when they searched his vehicle but that he had been handcuffed and searched at some point and had been taken behind the truck.  Adams testified that he had been taken behind the truck while Severance had been taken to the nearest garage, approximately fifteen yards away.  
Adams testified that he had never consented to the search of his vehicle.

After Adams’s motion to suppress was denied, Adams entered a plea of “guilty.”  Pursuant to a plea agreement, the trial court assessed Adams’s punishment at five years’ confinement.  This appeal followed. 

III.  Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Amador v. State
, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
Wiede v. State
, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), 
modified on other grounds by State v. Cullen
, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Amador
, 221 S.W.3d at 673; 
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court’s rulings on those questions de novo.  
Amador
, 221 S.W.3d at 673; 
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling.  
Wiede
, 214 S.W.3d at 24; 
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings.  
Kelly
, 204 S.W.3d at 818-19.  We then review the trial court’s legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.  
Id
. at 819.

When the record is silent on the reasons for the trial court’s ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court’s ruling if the evidence, viewed in the light most favorable to the trial court’s ruling, supports those findings.  
Id
.; 
see  Amador
, 221 S.W.3d at 673; 
Wiede
, 214 S.W.3d at 25.  We then review the trial court’s legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
State v. Stevens
, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); 
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004).
  
The Fourth Amendment protects against unreasonable searches and seizures by government officials.  U.S. 
Const
. amend. IV; 
Wiede
, 214 S.W.3d at 24.  To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. 
 
Amador
, 221 S.W.3d at 672.  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.  
Id
.  Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable.  
Id
. at 673; 
Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); 
Ford v. State
, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Whether a search is reasonable is a question of law that we review de novo.  
Kothe v. State
, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is measured by examining the totality of the circumstances.  
Id
. at 63.  It requires a balancing of the public interest and the individual’s right to be free from arbitrary detentions and intrusions.  
Id
.  A search conducted without a warrant is per se unreasonable unless it falls within one of the “specifically defined and well-established” exceptions to the warrant requirement.  
McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1004 (2003); 
see
 
Best
, 118 S.W.3d at 862.  

IV.  Analysis

Adams articulates his position as follows: 

[Adams] would argue that in the case where a passenger is arrested and there is a proposed search, incident to arrest, of the passenger compartment of the vehicle, there must be some articulate nexus between the arrestee and the owner occupant for there to be a valid search incident to arrest as to the owner occupant.  If not, a warrant should be obtained to satisfy the laws under the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution.

The State disagrees because it argues that the “search was a valid application of the ‘bright line’ search incident to arrest rule set forth by the United States Supreme Court.”  Adams cites a single case in support of his position, 
State v. Kelly
, 963 S.W.2d 866 (Tex. App.—San Antonio 1998, no pet.).  While that case is distinguishable, as will be discussed momentarily, it does provide a relevant overview of a search incident to arrest.  Factually, Officer Ovalle had followed Kelly as he drove home and arrested Kelly at his home.  Following his arrest for outstanding traffic citations, Officer Ovalle found cocaine in Kelly’s car.  The question presented in 
Kelly
, as opposed to the facts presented to this court, was whether the trial court correctly suppressed the evidence of the cocaine because Kelly had arguably been in his house for a sufficient time prior to his arrest so that he was not a recent occupant of the vehicle.  This is not the issue before this court.  

Nevertheless, our sister court recounts a concise overview of an automobile search incident to an arrest as is germane to the facts before this court.  

The Fourth Amendment to the United States Constitution and article I, section 9 of the Texas Constitution guarantee the right of the people to be secure against unreasonable searches of their persons, houses, papers, and effects.  
U.S. Const
. amend.  IV; 
Tex. Const.
 art. I, § 9. “It is a first principle of Fourth Amendment jurisprudence that the police may not conduct a search unless they first convince a neutral magistrate that there is probable cause to do so.”  
New York v. Belton
, 453 U.S. 454, 457, 101 S. Ct. 2860, 2862, 69 L.Ed.2d 768 (1981).  Thus, warrantless searches are per se violative of the Fourth Amendment’s proscription of unreasonable searches unless they fall within one of the specifically established exceptions.  
Mincey v. Arizona
, 437 U.S. 385, 390, 98 S. Ct. 2408, 2412, 57 L.Ed.2d 290 (1978).  One recognized exception to the Fourth Amendment’s warrant requirement is that an officer may search the area within the immediate control of an arrestee.  
Chimel v. California
, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2039-40, 23 L.Ed.2d 685 (1969).  The underlying rationale for this rule is the need to remove any weapons that the arrestee might seek to use to resist arrest and to prevent the concealment of the destruction of evidence.  
Id
. at 763, 89 S. Ct. at 2040.  Where the arrestee was the occupant of a vehicle, however, police had difficulty in determining whether the passenger compartment was actually within an arrestee’s reach.  In 
New York v. Belton
, the United States Supreme Court confronted the difficulty in the application of the 
Chimel 
standard to searches of automobiles and noted:  

While the 
Chimel
 case established that a search incident to an arrest may not stray beyond the area within the immediate control of the arrestee, courts have found no workable definition of ‘the area within the immediate control of the arrestee’ when that area arguably includes the interior of an automobile and the arrestee is its recent occupant.  

Belton
, 453 U.S. at 460, 101 S. Ct. at 2864.   The court then held that when an officer makes a lawful custodial arrest of the occupant of an automobile, the officer may conduct a contemporaneous search of the passenger compartment of that automobile.  
Id
.  
Belton
 thus defined the passenger compartment of an automobile as being within the hypothetical immediate control of an occupant or recent occupant of the vehicle. . . . We are mindful that the 
Belton 
rule was crafted in an effort to free officers in the field from making difficult legal decisions during the often-volatile circumstances of an arrest. . . .  Belton’s “bright-line” only eliminates the officer’s need to determine what constitutes the area within the arrestee’s reach when the area includes the interior passenger compartment of a vehicle and the arrestee is its recent occupant[.]

Kelly
, 866 S.W.2d at 868-69.   

Adams appears to argue that there is a distinction between a search of the passenger compartment of a vehicle when the arrestee is the driver versus when the arrestee is a passenger.  We see no such distinction.  The Fourth Amendment warrant exception previously cited also makes no such distinction. Investigator Crum found illegal drugs in the passenger compartment, on the driver’s side of the vehicle adjacent to the driver’s seat, and Adams was the driver.  As such, the search was proper, as was the denial of the motion to suppress.  We overrule Adams’s sole point.

V.  Conclusion

Having overruled Adams’s sole point, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 31, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.